UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
| --- | --- | --- |
| AUTUMN FIXEL, | : | CASE NO. 22-cv-1896 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 25, 26] |
| v. | : | |
| | : | |
| LSMJ1, LLC dba Luca West, et al. | : | |
| | : | |
| Defendants. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this workplace sexual harassment case, Plaintiff Autumn Fixel says that her supervisor, Defendant Manuel Vasquez, sexually harassed her on multiple occasions while she was working as a waitress at Defendant-restaurant Luca West. Plaintiff sues Defendants Vasquez and Luca West and individual Defendants Manjola Sema, Luca Sema, and Sheptim "Timmy") Sema, whom she alleges are all managers or co-owners of Luca West. Defendant Vasquez also cross-claims against Defendants Luca West, Manjola Sema, Luca Sema, and Sheptim Sema ("restaurant Defendants") for indemnity, breach of contract, and negligent training and hiring claims.

On May 15, 2023, the restaurant Defendants moved for summary judgment against both Plaintiff Fixel and Defendant Vasquez.[1]

In their summary judgment motion against Plaintiff, the restaurant Defendants argued that they were entitled to invoke a doctrine known as the *Ellerth-Faragher* defense to bar vicarious liability for a supervisor's sexual harassment of an. That defense allows an

---

[1] Doc. 25, 26.

Case No. 1:22-cv-1896
GWIN, J.

employer to escape strict liability for the harassing conduct of a supervisor if the employer can show that (1) there was no tangible adverse employment action taken against the plaintiff; (2) the employer exercised reasonable care to prevent and correct harassing behavior; and (3) the employee failed to take advantage of the employer's preventative or corrective opportunities.[2]

In the Sixth Circuit, for an employer to satisfy prong 2 and make a prima facie case that it exercised "reasonable care" to prevent harassing behavior, the employer must show at minimum that its policy would "(1) require supervisors to report incidents of sexual harassment; (2) permit both informal and formal complaints of harassment to be made; (3) provide a mechanism for bypassing a harassing supervisor when making a complaint; (4) and provide for training regarding the policy."[3] District courts throughout the Sixth Circuit have denied summary judgment when an employer fails to establish any one of these requirements, including the requirement that the employer have provided employees with anti-harassment training.[4]

Neither Plaintiff nor the restaurant Defendants discussed the issue of sexual harassment training in their summary judgment briefings. But Defendant Vasquez's opposition to the restaurant Defendant's summary judgment motion against his cross-claims did. Specifically, Defendant Vasquez supported his cross-claim for negligent training

---

[2] *Ferraro v. Kellwood Co*, 440 F.3d 96, 101 (2d Cir. 2006) (citations omitted).
[3] *Clark v. United Parcel Serv., Inc.*, 400 F.3d 341, 349 (6th Cir. 2005).
[4] *See, e.g.*, *Graham v. Phillips Feed Serv., Inc.*, 2021 WL 6113548, at *7 (N.D. Ohio Dec. 27, 2021) (genuine issue of material fact existed because Defendant's failure to provide training arguably rendered sexual harassment policy ineffective); *Washington v. Rent To Own Auto Centers, LLC*, 2020 WL 419340, at *8 (M.D. Tenn. Jan. 27, 2020) (same); *Cossairt v. Jarrett Builders, Inc.*, 292 F. Supp. 3d 779, 788 (M.D. Tenn. 2018) (same); *Bishop v. Woodbury Clinical Lab'y, Inc.*, 2010 WL 1525922, at *4 (M.D. Tenn. Apr. 15, 2010) (same); *Crouch v. Rifle Coal Co., LLC*, 2009 WL 5174988, at *3 (E.D. Ky. Dec. 21, 2009) (employer failed to establish several of the *Clark* prongs for effective harassment policy, including training).

Case No. 1:22-cv-1896
GWIN, J.

by submitting an affidavit stating that he never received any sexual harassment training from the restaurant Defendants.[5] The restaurant Defendants did not file a reply to Defendant Vasquez's opposition.

The Court finds that it cannot decide the restaurant Defendants' summary judgment motion against Plaintiff without additional briefing regarding whether Luca West provided employees with sexual harassment training. The restaurant Defendants are **ORDERED** to file additional briefing regarding the existence or absence of any training process within the next eight days. Plaintiff will have 5 days to respond.

IT IS SO ORDERED.

Dated: July 10, 2023          *s/ James S. Gwin*
         JAMES S. GWIN
         UNITED STATES DISTRICT JUDGE

---

[5] Doc. 32-1 at PageID 377.

- 3 -